

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | |
|---|---|
| SEAN WILLIAMS, <br><br> Plaintiff, <br><br> -against- <br><br> CITY OF NEW YORK, JAMES GALLAGHER, MICHAEL MACDOUGALL, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown), <br><br> Defendants. | **COMPLAINT** <br><br> Docket No. <br><br> <u>Jury Trial Demanded</u> <br><br> NOV 12 2010 <br> U.S.D.C. S.D.N.Y. <br> CASHIERS |

----------------------------------------------------------------X

Plaintiff SEAN WILLIAMS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff SEAN WILLIAMS is a twenty-seven year old African American man presently residing in New York, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JAMES GALLAGHER, MICHAEL MACDOUGALL, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On January 12, 2008, at approximately 9:45 a.m., on 122nd Street between 2nd and 3rd Avenues, New York, New York, the defendant officers struck plaintiff on his face with a hard object causing plaintiff to fall to the ground.

13. Thereafter, the defendant officers restrained plaintiff by kneeing plaintiff on his back while other defendant officers struck plaintiff at least twice on the side of his face and neck.

14. The defendant officers placed severely over tight handcuffs on plaintiff's wrists and refused to loosen the handcuffs despite plaintiff's repeated requests.

15. The defendant officers searched plaintiff at said location, and in doing so touched plaintiff's genitals and rectum.

16. The defendants thereafter transported plaintiff to North General Hospital where doctors repaired a laceration on plaintiff's face with sutures.

17. The defendants transported plaintiff to an NYPD precinct stationhouse where plaintiff was imprisoned and subject to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove his clothing, lift his genitals, squat and cough.

18. All of the above occurred while other defendant NYPD officers who were present or otherwise aware of the incident failed to intervene in the illegal conduct described herein.

19. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating, and supervising of its employees.

and due to discrimination against plaintiff based on his race.

20. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

21. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

22. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23. As a result of the foregoing, plaintiff SEAN WILLIAMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff SEAN WILLIAMS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff SEAN WILLIAMS' constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff SEAN WILLIAMS was subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Search/Strip Search under 42 U.S.C. §1983)

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants illegally searched and strip searched plaintiff SEAN WILLIAMS in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

35.     Defendants thereby caused plaintiff SEAN WILLIAMS to be deprived of his right to be free from unlawful searches and strip searches.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The defendants assaulted and battered and illegally searched plaintiff SEAN WILLIAMS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

38.     As a result of the foregoing, plaintiff SEAN WILLIAMS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants had an affirmative duty to intervene on behalf of plaintiff SEAN WILLIAMS, whose constitutional rights were being violated in their presence by other officers.

41.     The defendants failed to intervene to prevent the unlawful conduct described herein.

42.     As a result of the foregoing, plaintiff SEAN WILLIAMS was subjected to excessive force and illegal searches and he was put in fear of his safety.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The supervisory defendants personally caused plaintiff SEAN WILLIAMS' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and/or committing perjury and/or falsification to cover up acts of brutality and/or abuse of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally searching and strip searching individuals in the absence of reasonable individualized suspicion that the individual was in possession of weapons or contraband at the

time of the search. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiff SEAN WILLIAMS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, promote, compensate, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SEAN WILLIAMS.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SEAN WILLIAMS as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SEAN WILLIAMS as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SEAN WILLIAMS was subjected to excessive force.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SEAN WILLIAMS' constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff SEAN WILLIAMS of

federally protected rights, including, but not limited to, the right:

    A.    To be free from the use of excessive force;

    B.    To be free from illegal searches and strip searches;

    C.    To be free from failure to intervene;

    D.    To receive equal protection under law.

54.    As a result of the foregoing, plaintiff SEAN WILLIAMS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SEAN WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       November 12, 2010

                            LEVENTHAL & KLEIN, LLP
                            45 Main Street, Suite 230
                            Brooklyn, New York 11201
                            (718) 722-4100

                            By: _____
                                 BRETT H. KLEIN (BK4744)

                            Attorneys for Plaintiff SEAN WILLIAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

SEAN WILLIAMS,

                                       Plaintiff,

                                                                                 Docket No.

     -against-

CITY OF NEW YORK, JAMES GALLAGHER, MICHAEL
MACDOUGALL, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                       Defendants,

----------------------------------------------------------------------X


## COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100